IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**JAMES ALLEN McKEE**                                                                                          PLAINTIFF

v.                                                  Case No. _____

**VIRGIL WAYNE GRANTHAM and
J & S EXCHANGE, INC.**                                                                                    DEFENDANTS

# COMPLAINT

Comes now the Plaintiff, James Allen McKee, by and through his attorneys, Price Law Firm and The Boswell Law Firm, and for his Complaint against the Defendants, Virgil Wayne Grantham and J & S Exchange, Inc., states and alleges:

## I. JURISDICTION, VENUE, AND PARTIES

1.      This is a tort action alleging negligence and bodily injuries, predicated upon this Court's jurisdiction to hear claims involving citizens of different states, pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship exists as to the parties herein. Venue is proper, pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

2.      Plaintiff, James Allen McKee, resides at 1906 County Road 1807, Yantis, Texas 75497-3124.

3.      Upon information and belief, Separate Defendant, Virgil Wayne Grantham, resides at Route 4, Box 11395; Eufala, Oklahoma 74432.

4.      Upon information and belief, Separate Defendant, J & S Exchange, Inc., is an Oklahoma-based corporation with its principal place of business at 6970 County Road 3703, Allen, Oklahoma 74825, (or alternatively, at 6860 County Road 3703, Allen, Oklahoma 74825). Its agent

of service is Joe T. Nemecek, Route 3, Box 170, Ada, Oklahoma, 74820.

## II. STATEMENT OF FACTS

5. Plaintiff incorporates herein by reference the allegations contained in paragraph Nos. 1 through 4.

6. On February 15, 2016, the Plaintiff, James Allen McKee, was operating a pickup truck in a northerly direction on Highway 154 South in Hopkins County, Texas. Suddenly and without warning, a tractor trailer traveling in the southbound lane entered the northbound lane in front of the Plaintiff, causing a violent head-on collision. The driver of this tractor trailer was Separate Defendant, Virgil Wayne Grantham.

7. As a direct and proximate result of this violent impact, Mr. McKee was seriously injured. Mr. McKee had to be extricated from the vehicle by first responders using the "Jaws of Life." Mr. McKee suffered injuries to his ribs, right leg, left arm, and miscellaneous bruises and abrasions to the body as a whole. Moreover, his left arm was partially amputated. He also suffered puncture wounds throughout his body, due to the metal debris.

## III. ACTS OF NEGLIGENCE BY VIRGIL WAYNE GRANTHAM

8. Plaintiff incorporates herein by reference the allegations contained in paragraph Nos. 1 through 7.

9. Plaintiff respectfully submits that the negligence of Virgil Wayne Grantham was a proximate cause of the accident resulting in Plaintiff's injuries and damages. Said negligence consisted of, but was not limited to, the following:

    (a)    Failure to keep a proper lookout for other drivers on the road;

    (b)    Failure to keep the vehicle that he was driving under control;

    (c)    Driving at a speed that was greater than is reasonable and prudent

       under the conditions and having no regard to the actual and potential hazards then existing;

(d)      Driving that constituted inattentiveness on his part, and such inattentiveness was not reasonable and prudent in maintaining vehicular control;

(e)      Failure to keep his vehicle in the proper lane of travel;

(f)      Failure to use reasonable and ordinary care under the circumstances; and

(h)      Any other acts or omissions of negligence as the proof in this cause may establish.

### IV. IMPUTATION OF FAULT TO J & S EXCHANGE, INC.

10.      Plaintiff incorporates herein by reference the allegations contained in paragraph Nos. 1 through 9.

11.      At the time of this collision, Virgil Wayne Grantham was acting in the course and scope of his employment with J & S Exchange, Inc. Therefore, any acts or omissions constituting negligence on the part of Virgil Wayne Grantham are imputed by law to Separate Defendant, J & S Exchange, Inc.

### V. DAMAGES

12.      Plaintiff incorporates herein by reference the allegations contained in paragraph Nos. 1 through 11.

13.      As a direct and proximate result of the negligence of the Defendants, the Plaintiff has incurred the following damages, for which he should be compensated:

(a)      He has experienced, and will continue to experience, pain, suffering and mental anguish in connection with his injuries;

(b)      He has incurred, and will continue to incur, medical, hospital, physical therapy, and pharmacy bills;

(c)      He has suffered a painful, permanent and debilitating injury to the body as a

    whole;

(d) He has suffered an aggravation to any pre-existing condition;

(e) He has suffered a loss in income;

(f) He has incurred a loss in future wages, or alternatively, a loss in future earning capacity;

(g) He has suffered property damage;

(h) He has suffered scarring, disfigurement, and the visible signs of injury; and

(i) He have each suffered any and all other elements of damage as compensable under Texas law as the proof in this cause may establish.

14. For all of the damages alleged in the preceding paragraph, the Plaintiff is entitled to recover from the Defendants a sum in excess of that required to invoke federal jurisdiction in diversity of citizenship cases.

## VI. JURY DEMAND

15. Plaintiff incorporates herein by reference the allegations contained in paragraph nos. 1 through 14.

16. Plaintiff invokes his right to a trial by jury pursuant to Amendment VII of the United States Constitution.

**WHEREFORE**, Plaintiff, James Allen McKee, prays for judgment against the Defendants, Virgil Wayne Grantham and J & S Exchange, Inc., jointly and severally, in a total amount in damages in excess of that required to invoke federal court jurisdiction in diversity of citizenship cases, for a trial by jury, for their costs herein expended, for pre-judgment interest on any amount reasonably ascertainable at the time of the loss, for post-judgment interest, and for any and all other just and proper relief to which he may be entitled.

Respectfully submitted,


_____/s/  Ted Boswell_____
Ted Boswell, AR Bar #58003
THE BOSWELL LAW FIRM
Post Office Box 798
Bryant, AR 72089-0798
(501) 847-3031
Fax (501) 847-4354

AND

Gregg Price, TX Bar #16283900
PRICE LAW FIRM
1331 S. Broadway St.
Sulphur Springs, TX 75482
(903) 885-3139
(903) 885-9250

**ATTORNEYS FOR PLAINTIFF**