# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JAMES ALLEN MCKEE. | § | |
| | § | |
| v. | § | Case No. 2:16-CV-0184 -RSP |
| | § | |
| VIRGIL WAYNE GRANTHAM, et al. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Transfer Venue (Dkt. No. 8) filed on May 25, 2016 by Defendants Virgil Wayne Grantham and J & S Exchange, Inc. This action is brought by James Allen McKee, a resident of Wood County, Texas, against two Oklahoma defendants arising out of a motor vehicle collision that occurred on February 13, 2016 in Hopkins County, Texas. Defendants move to transfer the case to the Sherman Division of this Court.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and

inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

### A. Proper Venue for the Case

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

Plaintiff's residence is in Wood County, Texas, which adjoins the Marshall Division but is located in the far northeastern edge of the Tyler Division. The residence is located closer to the Marshall courthouse than to the Sherman courthouse. The accident scene in Hopkins County is also slightly closer to the Marshall courthouse than to the Sherman courthouse. The defendants reside in Oklahoma, which is located closer to the Sherman courthouse, but obviously outside of the Sherman Division. The record does not reflect that this will be a document-intensive case. This factor does not favor transfer.

### 2. Availability of Compulsory Process to Secure the Attendance of Witnesses

It appears that most of the relevant witnesses would be subject to compulsory process either in Marshall or in Sherman. This factor is neutral.

### 3. Cost of Attendance for Willing Witnesses

The cost of attendance is roughly equal but the drive to the Sherman courthouse would take slightly longer for all of the witnesses except for the Defendants. This factor does not favor transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that the Defendants moved for transfer promptly and no significant proceedings had yet occurred in Marshall. This factor is neutral.

## C. Public Interest Factors

### 1. Administrative Difficulties Flowing From Court Congestion

The parties have not identified any considerations that relate solely to this factor. While the Marshall Division may have a somewhat heavier civil docket, the Sherman Division has a much heavier criminal docket. This factor is neutral.

### 2. Local Interest in Having Localized Interests Decided at Home

While Hopkins County is in the Sherman Division, and Wood County is in the Tyler Division, there is no appreciably greater interest in this case in the Sherman Division than in the adjoining Marshall Division. This factor favors transfer, but only slightly.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

### CONCLUSION

The Court finds Defendants have not shown that the Sherman Division is clearly more convenient. Accordingly, the Motion is DENIED.

**SIGNED this 1st day of July, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE